# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KEVIN DODSON,

Plaintiff,

v.

EVA L. KING, *et al.*,

Defendants.

Civil Action No. 23-3344 (RK) (RLS)

## MEMORANDUM ORDER

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Kevin Dodson's ("Plaintiff") one-page submission, (ECF No. 26), and upon review of the docket. Plaintiff's Motion seeks 1) to consolidate a number of actions that Plaintiff has filed within this district; 2) leave to appeal; and 3) to amend his complaint. The purported Motion, however, fails to comply with Local Civil Rule 7.1 as the Motion does not include a Notice of Motion, brief, statement that no brief is necessary, proof of service, or proposed form of Order. As such, it is unclear the relief Plaintiff is seeking. In addition, it is not clear to the Court what Plaintiff seeks leave to appeal, as the Court has not made any rulings in this matter.[1] Accordingly, the Motion is denied without prejudice.

Upon further review of the record, it appears Plaintiff attempted to serve Defendants via ordinary mail. (*See* ECF Nos. 13, 14, 15.) "*[P]ro se* litigants are not excused from complying with

---

[1] Finally, the Court notes that Plaintiff's purported Motion seeks "Googolplexian" dollars in damages, an amount equal to 10 raised to the power of "googol." (*See* Britannica, The Editors of Encyclopedia. "large numbers," Encyclopedia Britannica, 15 Apr. 2011, https://www.britannica.com/topic/large-numbers-1765137.). One "googol" is equal to 10 raised to the 100th power. For reference, one trillion is equal to 10 raised to the 12th power. (*See id.*) As such, Plaintiff's requested damages exists in theoretical mathematics and lacks any connection to actual damages to which Plaintiff believes he is entitled.

the Federal Rules of Civil Procedure governing service of process." *Richardson v. Cascade Skating Rink*, No. 19-08935, 2021 WL 1259669, at *1 (D.N.J. Apr. 6, 2021) (citation omitted); *see also Pearah v. Intercontinental Hotel Grp. PLC*, No. 15-7354, 2016 WL 3548147, at *2 (D.N.J. June 29, 2016) ("a Court may *sua sponte* raise the issue of improper service of process." (citing Fed. R. Civ. P. 4(m))).

      Pursuant to Federal Rule of Civil Procedure 4(e):

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). New Jersey law provides that personal service is the "primary method" for rendering service. *See United States v. 7 Monkeys, LLC*, No. 19-8550, 2020 WL 3415578, at *1 (D.N.J. June 22, 2020) (citing N.J. Ct. R. 4:4-4(a), 4:4-5(a)).

      New Jersey, however, provides for alternative methods when personal service is not feasible. *See Richardson v. Cascade Skating Rink*, No. 19-08935, 2021 WL 1259669, at *2 (D.N.J. Apr. 6, 2021). New Jersey Court Rules state:

> If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail,

> return receipt requested, to the usual place of abode of the defendant
> or a person authorized by rule of law to accept service for the
> defendant or, with postal instructions to deliver to addressee only,
> to defendant's place of business or employment. If the addressee
> refuses to claim or accept delivery of registered or certified mail,
> service may be made by ordinary mail addressed to the defendant's
> usual place of abode.

N.J. Ct. R. R. 4:4-3. Rule 4:4-7 requires that when attempting service by mail, "the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment." N.J. Ct. R. 4:4-7.

Plaintiff's initial attempt at service in the case at bar fails. A litigant must first attempt personal service, and only after a good faith effort—set forth in an affidavit—is unsuccessful, a party may attempt service by mail. Here, Plaintiff failed to submit an affidavit detailing his good faith efforts to effectuate service.[2] In addition, Plaintiff appears to only have sent the summons and complaint via ordinary mail. (*See* ECF Nos. 13, 14, 15.) Plaintiff failed to send the documents via certified mail with a request for a "return receipt," and did not file same with the Court. As such, Plaintiff failed to properly serve the defendants in accordance with the Federal Rules of Civil Procedure.

---

[2] As other courts in this district have pointed out, "Federal Rule of Civil Procedure 4(c)(2) provides that a party to the proceedings may not personally effect service and thus 'pro se litigants who personally serve a summons and complaint violate Rule 4(c)(2).'" *Cascade Skating Rink*, 2021 WL 1259669, at *2 (D.N.J. Apr. 6, 2021) (quoting *Ceus v. N.J. Lawyers Serv., LLC*, No. 19-17073, 2020 WL 5017053 at *1 (D.N.J. Aug. 25, 2020)).

For the reasons set forth above, and for good cause shown,

**IT IS** on this 30th day of August, 2024,

**ORDERED** that Plaintiff's Motion, (ECF No. 26), is **DENIED** without prejudice;

**ORDERED** that the Clerk's Office is directed to terminate the motion pending at ECF No. 26; and

**ORDERED** that Plaintiff is directed to properly serve Defendants within 30 days in accordance with the Federal Rules of Civil Procedure. Failure to do so will result in dismissal of this matter pursuant to Federal Rule of Civil Procedure 4(m).

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 30, 2024